UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. COMMODITY FUTURES TRADING COMMISSION,

　　　　　　　Plaintiff,

　　v.

LAZARO JOSE RODRIGUEZ,

　　　　　　　Defendant.

**JUDGE BUCHWALD**

**06 CV 0855**

COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF, AND FOR CIVIL MONETARY PENALTIES UNDER THE COMMODITY EXCHANGE ACT

RECEIVED
FEB 03 2006
U.S.D.C. S.D.N.Y.
CASHIERS

---

The U.S. Commodity Futures Trading Commission, by and through its attorneys, hereby alleges as follows:

## I. SUMMARY

1. Since March 2005, Lazaro Jose Rodriguez ("Rodriguez" or "Defendant") (d/b/a The FIRM "Financial" and as Financial Investments Require Money - Financial Consultants) ("The FIRM") has misappropriated the funds of customers who invested with The FIRM for the purpose of trading commodity futures and options, fraudulently guaranteed to customers that they would receive profits as high as 300% if they invested with The FIRM, and misrepresented to customers that he was an experienced commodities trader. As a result of Rodriguez's fraud, more than 400 persons invested at least $1.5 million with The FIRM.

2. Rather than using the investors' funds to trade commodity futures and options, as represented by The FIRM's website and promotional materials, and as promised by Rodriguez

and his salespeople, Rodriguez instead misappropriated approximately $1.5 million from over 400 customers for his own use and benefit.

3. Defendant Rodriguez, by misappropriating customer funds and otherwise defrauding customers, has engaged, is engaging or is about to engage in acts and practices which violate the anti-fraud provisions of Sections 4b(a)(2)(i) and (iii) and 4c(b) of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 6b(a)(2)(i) and (iii) and 6c(b) (2002), and Section 33.10(a) and (c) of the Commodity Futures Trading Commission's (the "Commission") Regulations, 17 C.F.R. §33.10(a) and (c) (2005) ("Regulations").

4. Unless enjoined by this Court, Defendant Rodriguez is likely to continue to engage in the acts and practices alleged in this Complaint, as more fully described below.

5. Accordingly, pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (2002), the Commission brings this action to enjoin Defendant Rodriguez from soliciting customers, from committing unlawful acts and practices under the Act and Regulations, and to compel his compliance with the Act. In addition, the Commission seeks from Defendant Rodriguez ancillary relief, including but not limited to: an accounting, disgorgement of ill-gotten gains, restitution to customers, civil monetary penalties, and such other relief as this Court may deem necessary or appropriate.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C §13a-1 (2002), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

7.  Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. §13a-1(e) (2002), in that the Defendant transacts business in this District, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur, within this District, among other places.

### III. THE PARTIES

**The Plaintiff**

8.  The U.S. Commodity Futures Trading Commission ("Commission") is an independent federal regulatory agency charged with responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§1 *et seq.* (2002), and the Regulations promulgated thereunder, 17 C.F.R. §§1 *et seq.* (2005).

**The Defendant**

9.  Lazaro Jose Rodriguez resides in Miami, Florida. He does business as both The FIRM "Financial" and Financial Investments Require Money – Financial Consultants. The FIRM, on its website and in its brochures, lists office addresses in Miami and Fort Lauderdale, Florida, and at 14 Wall Street, 20th Floor, New York, NY 10005. In April 2005, Rodriguez registered with the Florida Secretary of State as the owner of the fictitious name, "The FIRM 'Financial'." Rodriguez was identified on The FIRM's website and brochures as its president. Rodriguez has never been registered with the Commission in any capacity.

## IV. FACTS

### A. Rodriguez's Misappropriation of Customer Funds

10. Rodriguez commenced doing business as The FIRM in or around March 2005. After The FIRM commenced business, Rodriguez opened two checking accounts at Wachovia Bank, N.A. Rodriguez was the only authorized signatory on these accounts.

11. Bank statements and checks, including checks from an account in the name of "Lazaro Rodriguez d/b/a The FIRM" and signed by Rodriguez, show that more than 400 persons invested a total of at least $1.5 million with The FIRM.

12. Most of the customer funds deposited in these accounts were misappropriated by Rodriguez to purchase luxury cars, jewelry, and other personal items.

13. For example, during the month of October 2005 alone, Rodriguez signed checks and withdrew customer funds from the Wachovia Bank checking accounts for, among other things, the following:

- $88,684 for a Chevrolet Corvette
- $84,567 for a second Chevrolet Corvette
- $35,685 as "pay-off" to Chase Auto Finance
- $1,366, $3,000 and $2,855 purchases at Diamonds & Gold by Michael II
- $1,401 purchase at The Sports Authority
- $335, $390, $390 and $600 purchases at Precious Smiles
- $136 and $868 purchases at Surf Style
- $679 purchase at Atlantis Aquariums
- $1,906 purchase at El Dorado Furniture
- $2,283 purchase at Circuit City

### B. Rodriguez's Fraudulent Solicitations

14. Since March 2005, Rodriguez d/b/a The FIRM, knowingly and willfully used material misrepresentations to solicit prospective commodity futures and options customers to trade exchange traded commodities through: a website; advertisements in the Spanish

newspaper *El Diario*; advertising spots on a Creole-language radio station; leaflets placed on car windshields; and personal solicitations.

15. Certain customers visited The FIRM's posh offices in Miami, where they met and talked to Rodriguez. During those visits, Rodriguez and his salespeople made material misrepresentations to customers, as detailed in Paragraphs 16 – 19, below. Also during those visits, customers were given packages containing The FIRM's brochures and other materials about commodity futures and options trading, and a client agreement. Those brochures and materials also contained material misrepresentations, as detailed in Paragraphs 16 – 19, below.

16. Rodriguez knowingly and falsely guaranteed that the money customers paid The FIRM for trading commodity futures and options would make profits without any risks.

17. The FIRM website and solicitation brochures offered investors a series of choices. An "Intermediate Level of Investment" guaranteed that an investment of $500 would return $1,500 in 90 days (300%), that $1,000 would return $3,000, and that $5,000 would return $8,000. An "Executive Level of Investment" guaranteed that an investment of $10,000 would return $20,000 in nine months and that $50,000 would return $100,000. A "Liquid Level of Investment" promised that an investment of $100,000 would return $300,000 in 17 months, and that $900,000 would return $1.2 million. Defendant knew these representations were false.

18. Similarly, the "Confidential Client Account Agreement" ("Client Agreement") which customers of The FIRM signed to open an account stated that the customer understood that "THE FIRM shall take full responsibility in all transactions for the Client who is GUARANTEED a certain amount of gains according to their Client Account Agreement." Defendant knew this representation was false.

C. <u>**Rodriguez's Misrepresentation of His Background and Experience**</u>

19. Rodriguez knowingly misrepresented his background and experience to customers. For example, Rodriguez told at least one customer of The FIRM that he had been a broker, had experience trading commodities at a firm in New York and he always made money. In fact, Rodriguez has no previous experience in trading commodity futures and options.

20. By these acts and practices, Rodriguez knowingly and willfully defrauded customers and misappropriated customer funds.

## V. <u>VIOLATIONS OF THE COMMODITY EXCHANGE ACT AND COMMISSION REGULATIONS</u>

COUNT I: <u>**Rodriguez Violated Section 4b(a)(2)(i) and (iii) of the Act**</u>

21. Paragraphs 1 through 20 are re-alleged and incorporated herein.

22. Section 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §6b(a)(2)(i) and (iii) (2002), provides in pertinent part that it is unlawful for any person in or in connection with any futures contract of sale of any commodity that is or may be used for hedging or determining the price basis of any transaction or for delivering any commodity in interstate commerce for or on behalf of any other person, to cheat or defraud such other person, or willfully to deceive or attempt to deceive such other person by any means whatsoever in regard to any such order or contract or the disposition or execution of any such order or contract, or in regard to any act of agency performed with respect to such order or contract for such person.

23. Beginning in or about March 2005 and continuing to January 2006, Rodriguez knowingly and willfully violated Section 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §6b(a)(2)(i) and (iii) (2002) by, among other things: (1) misappropriating customer funds for personal use and benefit, (2) fraudulently soliciting customer accounts using material misrepresentations that

6

customers' funds would be used to trade commodity futures and options, and guaranteeing profits without risk, and (3) misrepresenting his background and experience in commodity futures and options trading.

24. Each misrepresentation Defendant made during the relevant period, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of Section 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §6b(a)(2)(i) and (iii) (2002).

**COUNT II:** **Rodriguez Violated Section 4c(b) of the Act and §33.10(a) and (c) of the Regulations: Fraud in Connection with Commodity Option Transactions**

25. Paragraphs 1 through 24 are re-alleged and incorporated herein.

26. Section 4c(b) of the Act, 7 U.S.C. §6c(b) (2002) makes it unlawful to offer to enter into, enter into or confirm the execution of, any transaction involving any commodity regulated under the Act which is of the character of, or is commonly known to the trade as, an "option," "privilege," "indemnity," "bid," "offer," "put," "call," "advance guaranty," or "decline guaranty," contrary to any rule, regulation, or order of the Commission prohibiting any such transaction or allowing any such transaction under such terms and conditions as the Commission shall prescribe.

27. Section 33.10(a) and (c) of the Regulations, 17 C.F.R. §33.10(a) and (c) (2005) makes it unlawful for any person, directly or indirectly, to cheat or defraud or attempt to cheat or defraud any other person, or to deceive or attempt to deceive any other person by any means whatsoever, in or in connection with any commodity option transaction.

27. Beginning in or about March 2005 and continuing to January 2006, Rodriguez violated Section 4c(b) of the Act, 7 U.S.C. §6c(b) (2002) and §33.10(a) and (c) of the Regulations, 17 C.F.R. §33.10 (2005) by cheating, defrauding or deceiving customers (or

7

attempting to do so) by, among other things: (1) misappropriating customer funds for personal use and benefit; (2) fraudulently soliciting customer accounts using material misrepresentations that customers' funds would be used to trade commodity futures and options, and guaranteeing profits without risk, and (3) misrepresenting his background and experience in commodity futures and options trading.

28.     Each material misrepresentation Rodriguez made during the relevant period, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of Section 4c(b) of the Act and Regulation 33.10(a) and (c).

## VI. **RELIEF REQUESTED**

WHEREFORE, the Commission respectfully requests that this Court, as authorized by Section 6c of the Act, 7 U.S.C. §13a-1 (2002), and pursuant to the Court's own equitable powers, enter:

   a.     an order finding that the Defendant violated Sections 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §6b(a)(2)(i) and (iii) (2002), and 4c(b) of the Act, 7 U.S.C. § 6c(b); and Commission Regulation 33.10(a) and (c), 17 C.F.R. § 33.10 (a) and (c) (2005);

   b.     an *ex parte* statutory restraining order freezing the funds, assets, and other property of the Defendant and an Order of preliminary injunction restraining and enjoining the Defendant and all persons insofar as they are acting in the capacity of his agents, servants, successors, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with him who receive actual notice of such order by personal service or otherwise, from directly or indirectly:

8

1. destroying, mutilating, concealing, altering or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the Defendant, wherever located, including all such records concerning the Defendant's business operations;

2. refusing to permit authorized representatives of the Commission to inspect, when and as requested, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the Defendant, wherever located, including all such records concerning the Defendant's business operations; and

3. withdrawing, transferring, removing, dissipating, concealing, or disposing of, in any manner, any funds, assets, or other property, wherever situated, including but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account held by, under the control, or in the name of the Defendant;

c. preliminary and permanent injunctions prohibiting the Defendant from engaging in conduct in violation of Sections 4b(a)(2)(i) and (iii) and 4c(b) of the Act, 7 U.S.C. § 6c(b), and Commission Regulation 33.10(a) and (c), 17 C.F.R. § 33.10(a) and (c) and prohibiting the Defendant from engaging in any commodity-related activity, including soliciting customers or customer funds, and trading any commodity account;

d. an order directing the Defendant to disgorge, pursuant to such procedure as the Court may order, all benefits received from the acts or practices which constitute violations of

the Act or of the Commission Regulations, as described herein, and interest thereon from the date of such violations;

e. an order directing the Defendant to make full restitution, pursuant to such procedure as the Court may order, to every customer whose funds were received by Defendant as a result of acts and practices which constituted violations of the Act and Regulations, as described herein, and interest thereon from the date of such violations;

f. an order assessing a civil monetary penalty against the Defendant in the amount of not more than the higher of $130,000 or triple the monetary gain to the Defendant for each violation by the Defendant of the Act and Commission Regulations; and

g. such other and further remedial ancillary relief as the Court may deem appropriate.

Dated: New York, New York
February ___, 2006

U.S. COMMODITY FUTURES TRADING COMMISSION

Stephen J. Obie
Regional Counsel/Associate Director

Linda Y. Peng (LP-2447) lpeng@cftc.gov
Division of Enforcement
U.S. Commodity Futures Trading Commission
Eastern Regional Office
140 Broadway, 19th Floor
New York, NY 10005
Tel:   (646) 746-9733
Fax:   (646) 746-9940