**JUDGE BUCHWALD**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 06 CV 0855

)
)
U.S. COMMODITY FUTURES TRADING )
COMMISSION,                                )           *EX PARTE* STATUTORY
                                           )           RESTRAINING ORDER
                                           )      Freezing Assets, Prohibiting the
                   Plaintiff,              )     Destruction or Alteration of Books,
                                           )      Records or other Documents, for
         v.                                )      Expedited Asset Discovery, and an
                                           )         Order to Show Cause Why a
                                           )      Preliminary Injunction Should Not
LAZARO JOSE RODRIGUEZ,                     )             Be Entered
                                           )
                                           )
                   Defendant.              )

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/3/06

Plaintiff, U.S. Commodity Futures Trading Commission (the "Commission"), has filed a

complaint for a permanent injunction and other relief, and moved *ex parte*, pursuant to Section

6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §13a-1 (2001), for a statutory

restraining order freezing assets, prohibiting the destruction of books, records, or other

documents, granting leave to the Commission to engage in expedited asset discovery for the

purpose of discovering the nature, location, status, and extent of assets, and ordering Defendant

Lazaro Jose Rodriguez ("Rodriguez" or "Defendant") (d/b/a The FIRM "Financial" and as

Financial Investments Require Money – Financial Consultants) ("The FIRM") to show cause

why a preliminary injunction should not be issued. The Court has considered the pleadings, the

declaration with attached exhibits, and the memorandum of law filed in support of the

Commission's application and now, being fully advised in the premises, finds that:

(1)    This Court has jurisdiction over the subject matter of this case, and Section 6c of the Act, 7 U.S.C. §13a-1, authorizes *ex parte* relief;

(2)    There is good cause to believe that the Defendant has engaged in, is engaging in, or is about to engage in fraud constituting a violation of 7 U.S.C. § 6b(a)(2)(i) and (iii), and 6c(b)[1], 17 C.F.R. § 33.10 (a) and (c) (2005);[2]

(3)    Absent the entry of this statutory restraining order, the Defendant is likely to cause the dissipation or transfer assets and destruction of business records. As such, good cause exists for the freezing of Defendant's assets and for entry of an Order prohibiting the Defendant from destroying records and denying agents of the Commission access to inspect and copy records;

(4)    Good cause exists for the freezing of Defendant's assets and for entry of an order prohibiting Defendant from destroying records and denying agents of the Commission access to inspect and copy records;

(5)    Good cause exists to permit asset discovery before the meeting of counsel pursuant to Rule 26(d) of the Federal Rules of Civil Procedure;

(6)    Pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure, immediate depositions are consistent with the principles of Rule 26(b)(2) of the Federal Rules of Civil Procedure;

(7)    Weighing the equities and considering the Commission's likelihood of success in its claims for relief, the issuance of a statutory restraining order is in the public interest; and

---

[1] Sections 4b(a)(2)(i) and (iii) and 4c(b) of the Commodity Exchange Act (the "Act").
[2] Section 33.10(a) and (c) of the Commission's Regulations (the "Regulations").

2

(8)     This is a proper case for granting an *ex parte* statutory restraining order to preserve the status quo, protect customers from loss and damage, and enable the Commission to fulfill its statutory duties, therefore the Court orders as follows:

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

1.     "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

2.     The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonable usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

3.     "Defendant" refers to Lazaro Jose Rodriguez ("Rodriguez") (d/b/a The FIRM "Financial" and as Financial Investments Require Money – Financial Consultants) ("The FIRM") and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of the Defendant, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendant.

3

# RELIEF GRANTED

## I.    *Asset Freeze*

**IT IS HEREBY ORDERED** that the Defendant, except as otherwise ordered by this Court, is restrained and enjoined from directly or indirectly:

A.    Transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including assets held outside the United States, except as provided in this Order, or as otherwise ordered by the Court;

B.    Opening or causing to be opened any safe deposit boxes titled in the name or subject to access by Defendant.

## II.    *Identification and Preservation of Assets*

**IT IS FURTHER ORDERED,** pending further Order of this Court, that any financial or brokerage institution or business entity that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of the Defendant, or has held, controlled, or maintained custody of any such account or asset of the Defendant at any time since March 2005 shall:

A.    Prohibit the Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset, except as directed by further order of the Court;

B.    Deny Defendant and all other persons access to any safe deposit box that is titled in the name of Defendant or otherwise subject to access by Defendant;

C.    Provide the Commission within five (5) business days of receiving a copy of this

4

Order, a statement setting forth:

    (1)    the identification number of each such account or asset titled in the name of the Defendant or held on behalf of, or for the benefit of the Defendant or under the control the Defendant;

    (2)    the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, the name of the person or entity to whom such account or other asset was remitted; and

    (3)    the identification of any safe deposit box that is either titled in the name of the Defendant, or is otherwise subject to access by the Defendant;

D.    Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, trading records, and safe deposit box logs; and

E.    Cooperate with all reasonable requests of the Commission relating to implementation of this Order, including producing records related to Defendant's accounts.

## III.    *Accounting of Assets*

**IT IS FURTHER ORDERED** that within five (5) business days following the service of

this Order, the Defendant shall:

A. Provide the Commission with a full accounting of all funds, documents, and assets both within and outside the United States which are (1) titled in the name of the Defendant; or (2) held by any person or entity, for the benefit of the Defendant; or (3) under the Defendant's direct or indirect control; and

B. Provide the Commission access to all records of accounts or assets of the Defendant held by financial institutions located both within and outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

### IV.    Maintenance of and Access to Business Records

**IT IS HEREBY ORDERED** that Defendant, and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business finances of Defendant.

### V.    Commission's Access to and Inspection of Documents

**IT IS FURTHER ORDERED** that representatives of the Commission be immediately allowed to inspect the books, records, and other documents of Defendant and his agents including, but not limited to, paper documents, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendant or others, and to copy said documents, data and records, either on or off the premises where they may be situated. Upon request of the Commission, the Defendant is ordered to deliver to the Commission documents of the Defendant, including but not limited to all books

6

and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, cancelled checks, records of wire transfers, and check registers), lists of customers, title documents, other papers, all keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of the Defendant, including but not limited to, access to the Defendant's business premises, means of communication, accounts, computer systems, or other property and information identifying the accounts, employees, properties, or other assets or obligations of the Defendant.

## VI.    *Service of Order*

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of the Defendant or that may be subject to any provision of this Order.

## VII.    *Expedited Asset Discovery*

**IT IS FURTHER ORDERED** that the Commission is granted leave, at any time after service of this Order, to take the deposition of and demand the production of documents from any person or entity for the purpose of discovering the nature, location, status, and extent of assets of the Defendant, and the location of documents reflecting the business transactions of the Defendant; forty-eight (48) hours notice shall be deemed sufficient for any such deposition and five (5) days notice shall be deemed sufficient for the production of any such documents.

## VIII.    *Depositions*

**IT IS FURTHER ORDERED** that the limitations and conditions set forth in Federal Rule of Civil Procedure 30(a)(2)(B) regarding subsequent depositions of an individual shall not

7

apply to depositions taken pursuant to this Order. No depositions taken pursuant to Paragraph VII shall count toward the ten-deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A).

### IX.    *Service on the Commission*

**IT IS FURTHER ORDERED** that the Defendant shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Linda Y. Peng, Senior Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor, New York, New York 10005.

### X.    *Order to Show Cause*

**IT IS FURTHER ORDERED** that Defendant shall appear before this Court on the ✓ __17__ day of __February__, 2006, at ~~a~~ *11:00 A.M.* ~~Rm 21A~~, before the Honorable __Judge Buchwald__ at the United States Courthouse for the Southern District of New York, 500 Pearl Street, New York, NY 10007, to show cause why this Court should not enter a preliminary injunction:

A.    Enjoining the Defendant from further violations of the Act; specifically, prohibiting the Defendant from violating Sections 4b(a)(2)(i) and (iii) and 4c(b) of the Act, and 7 U.S.C. § 6b(a)(2)(i) and (iii) (2002) and Section 33.10(a) and (c) of the Regulations, 17 C.F.R. §33.10(a) and (c) (2005), including but not limited to, (1) misappropriating customer funds for personal use and benefit and (2) defrauding customers by guaranteeing profits in trading commodity futures and options; and prohibiting the Defendant from engaging in any commodity-related activity, including soliciting customer funds;

B.    Continuing the freeze on the assets of the Defendant;

8

C.     Ordering the Defendant, financial or brokerage institutions, business entities, and others to provide all documents specified in this Order to the Commission; and

D.     Ordering any additional relief this Court deems appropriate.

Should the Defendant wish to file a memorandum of law or other papers concerning the issuance of a preliminary injunction against the Defendant, such materials shall be filed, served and received by all parties at least two (2) days before the hearing date ordered above.

*XI.     Force and Effect of Order*

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

ORDERED THAT SECURITY IN THE AMT OF $ _____
Be POSTED BY _____ 2006 (BOND REQUIREMENT

**SO ORDERED**, WAIVED - FEDERAL AGENCY) ⨍

On this __3__ day of February 2006.

Linda M. Wood
The Honorable Judge Kimba M. Wood
United States District Court
Southern District of New York

9