UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/9/06

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| LAZARO JOSE RODRIGUEZ, | ) ) ) |
| Defendant. | ) ) |

06 CV 0855 (NRB)

CONSENT ORDER OF
PRELIMINARY INJUNCTION
AND STAY OF PROCEEDINGS

**CONSENT ORDER OF PRELIMINARY INJUNCTION
AND STAY OF PROCEEDINGS**

Plaintiff U.S. Commodity Futures Trading Commission ("Commission"), and Defendant Lazaro Jose Rodriguez ("Defendant" or "Rodriguez") consent to the entry of this Order for Preliminary Injunction ("Order") without an adjudication of the merits on any issue of fact or law, without waiving any privileges under the United States Constitution or any other rights or privileges, and without admitting or denying the allegations of the Complaint filed in this action except as to venue and the Court's jurisdiction over the Defendant for the purposes of this Order. The Court having considered all pleadings, memoranda, declarations, and other exhibits filed with the Court, and now being fully advised in the matter, for purposes of this Order and without prejudice to further application by any party, finds:

1.  This Court has jurisdiction over the subject matter of this case pursuant to Section 6c of the Commodity Exchange Act, 7 U.S.C. §13a-1 (1994), as amended by the Commodity

Futures Modernization Act (2000) ("Act"), for purposes of this Order, and it also has jurisdiction over the Defendant.

2. The Commission has made a proper showing for a preliminary injunction pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (2002).

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

3. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

4. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

### I. *Prohibition from Violating the Act*

**IT IS HEREBY ORDERED** that Defendant, except as otherwise ordered by this Court, is restrained and preliminarily enjoined from directly or indirectly:

A. Engaging in conduct in violation of Section 4b(a)(2)(i) and (iii) of the Act (2002), 7 U.S.C. §6b(a)(2)(i) and (iii) (2002);

B.  Cheating or defrauding or attempting to cheat or defraud any other person, or deceiving or attempting to deceive any other person by any means whatsoever, in or in connection with any commodity options transaction in violation of Section 4c(b) of the Act, 7 U.S.C. §6c(b) (2002) and Section 33.10(a) and (c) of the Regulations, 17 C.F.R. §33.10(a) and (c) (2005); or engaging in any commodity-related activity, including soliciting customers or customer funds, and trading any commodity account.

## II.  *Asset Freeze*

**IT IS HEREBY ORDERED** that Defendant, except as otherwise ordered by this Court, is restrained and preliminarily enjoined directly or indirectly from transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including assets held outside the United States, except if provided otherwise in this Order or by the Court.

## III.  *Identification and Preservation of Assets*

**IT IS FURTHER ORDERED,** pending further order of this Court that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of the Defendant, or that has held, controlled, or maintained custody of any such account or asset of any defendant in this matter at any time since February 2005 shall:

A.  Prohibit Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset, except as directed by further order of the Court;

B. Provide counsel for the Commission, within ten (10) business days of receiving a copy of this Order, a statement setting forth:

(1) the identification number of each such account or asset titled in the name, individually or jointly, of the Defendant or held on behalf of, or for the benefit of the Defendant, or under the control of the Defendant;

(2) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, the name of the person or entity to whom such account or other asset was remitted; and

(3) the identification of any safe deposit box that is either titled in the name, individually or jointly, of Defendant, or is otherwise subject to access by Defendant;

C. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, trading records, and safe deposit box logs; and

D. Cooperate with all reasonable requests of the Commission relating to implementation of this Order and production of records related to Defendant's accounts.

### IV. *Accounting of Assets*

**IT IS FURTHER ORDERED** that within ten (10) business days following the service of this Order, Defendant shall, if he has not already done so, provide the Commission with a full accounting of all funds, documents, and assets exceeding $1,000 in fair market value, both within and outside the United States which are (1) titled in the name individually or jointly of Defendant; or (2) held by any person or entity for the benefit of Defendant; or (3) under Defendant's direct or indirect control, whether jointly or singly.

### V. *Maintenance of and Access to Business Records*

**IT IS HEREBY ORDERED** that Defendant and all persons or entities who receive notice of this Order by any personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business finances of Defendant.

### VI. *Commission's Access to and Inspection of Documents*

**IT IS FURTHER ORDERED** that representatives of the Commission be immediately allowed to inspect the books, records, and other documents of Defendant and his agents including, but not limited to, paper documents, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendant or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

### VII. *Service of Order*

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may

have possession, custody, or control of any documents or assets of Defendant or that may be subject to any provision of this Order.

### VIII.   *Service on the Commission*

**IT IS FURTHER ORDERED** that Defendant shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Linda Y. Peng, Senior Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor, New York, New York 10005.

### IX.   *Stay of Proceedings*

**IT IS FURTHER ORDERED** that all litigation of this matter is stayed, including filing of an answer pursuant to Federal Rule of Civil Procedure 8(b) and all other filings, appearances and discovery, until the related criminal matter now pending in the U. S. District Court for the Southern District of Florida, U.S. v. Rodriguez, et al., Docket No. 06 20070 CR (MGC), has been resolved by Final Judgment and Order by the District Court. This stay shall not preclude resolution of this matter through settlement.

### X.   *Force and Effect of Order*

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes. Defendant, however, by entering into and agreeing to this Order, has not consented to, or waived his right to contest, subject matter jurisdiction before this Court.

## XI. *Execution of Order*

**IT IS FURTHER ORDERED** that this Consent Order may be executed in separate counterparts.

**CONSENTED TO AND APPROVED BY:**

                        **Plaintiff**

                        U.S. Commodity Futures Trading Commission

                        By: _____
                        Linda Y. Peng [LP 2447]
                        Senior Trial Attorney
                        140 Broadway, 19th Floor
                        New York, NY 10005

**Counsel for Defendant**
**Lazaro Jose Rodriguez**

_____
Steven E. Amster, Esq.
New World Tower
100 North Biscayne Boulevard
Suite 1100
Miami, FL 33132

**SO ORDERED**, this ___9th___ day of ___March___, 2006.

                        _____
                        NAOMI REICE BUCHWALD
                        UNITED STATES DISTRICT JUDGE