**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) |
| Plaintiff, | ) 06 CV 0855 (NRB) |
| v. | ) ORDER FOR JUDGMENT BY DEFAULT, PERMANENT INJUNCTION, ANCILLARY EQUITABLE RELIEF AND CIVIL MONETARY PENALTY AGAINST DEFENDANT LAZARO JOSE RODRIGUEZ |
| LAZARO JOSE RODRIGUEZ, | ) |
| Defendant. | ) |

# 07,2379

WHEREAS, on February 3, 2006, the Plaintiff, U.S. Commodity Futures Trading Commission ("Commission") filed a complaint for a permanent injunction and other relief pursuant to Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §13a-1 (2002), against Defendant Lazaro Jose Rodriguez ("Defendant" or "Rodriguez");

WHEREAS, on February 7, 2006, the summons and complaint were served on the Defendant by personal service;

WHEREAS, in February 2006, the Defendant was indicted in the related criminal case in the Southern District of Florida in Miami, *United States v. Rodriguez, et al.*, Docket No. 06-20070-CR-Cooke, (S.D. Fla. Feb. 2, 2006);

WHEREAS, on March 9, 2006, this Court entered the *Consent Order of Preliminary Injunction and Stay of Proceedings*, in which the Defendant consented to a preliminary injunction and stay of proceedings, pending the outcome in the related criminal case, *United States v. Rodriguez*;

WHEREAS, on February 6, 2007, this Court entered the *Consent Order of Permanent Injunction and Stay of Proceedings,* in which the Defendant consented to the order restraining and permanently enjoining him from violating Sections 4b(a)(2)(i) and (iii), and 4c(b) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) and (iii), and 6c(b) (2002), and Commission Regulations ("Regulations") 33.10(a) and (c), 17 C.F.R. §§ 33.10(a) and (c) (2005), as charged in the complaint, and this Court ordered a stay of all proceedings pending the final outcome of the related criminal case in Florida;

WHEREAS, on or about March 13, 2007, in the related criminal case, *United States v. Rodriguez,* Defendant entered into a guilty plea and was sentenced to a 45-month prison term and ordered to pay $2 million in restitution;

WHEREAS, Defendant is currently incarcerated in Florida;

WHEREAS, on July 23, 2007, this Court entered the *Order to Lift Stay* pursuant to which the Defendant was ordered to interpose an answer to the complaint within 20 days from the service of the order on July 23, 2007;

WHEREAS, in violation of the *Order to Lift Stay,* Defendant has failed to answer the complaint and the time for him to answer the complaint has expired;

WHEREAS, the Commission has now submitted its Application for Entry of Default and Default Judgment pursuant to Local Rule 55.2(b) and Rule 55(b)(2) of the Federal Rules of Civil Procedure;

WHEREAS, Defendant has not opposed the entry of this judgment by default;

The Court, having carefully considered the Commission's complaint, the allegations of which are well-pleaded and hereby taken as true, the application and other written submissions of the Commission filed with the Court, hereby:

**GRANTS** the Commission's Application for Entry of Default and Default Judgment;

**ORDERS** entry the findings of fact and conclusions of law set forth below finding Defendant liable for his violations of the Act and the Regulations as alleged in the complaint; and grants the Commission's request to assess a civil monetary penalty against the Defendant in the sum set forth below.

Accordingly, the Court now issues the following order for Default Judgment:

## I. FINDINGS OF FACT

The Court hereby finds as follows:

**A.   Jurisdiction and Venue**

1. This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C §13a-1 (2002), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. §13a-1(e) (2002), in that the Defendant transacted business in this District, and the acts and practices in violation of the Act occurred within this District, among other places.

**B.   Defaulting Defendant**

3. Rodriguez resides in Miami, Florida. He did business as both The FIRM "Financial" ("The FIRM") and Financial Investments Require Money – Financial Consultants. The FIRM, on its website and in its brochures, listed office addresses in Miami and Fort Lauderdale, Florida, and at 14 Wall Street, 20th Floor, New York, NY 10005. In April 2005, Rodriguez registered with the Florida Secretary of State as the owner of the fictitious name, "The

3

FIRM 'Financial'." Rodriguez was identified on The FIRM's website and brochures as its president. Rodriguez has never been registered with the Commission in any capacity.

### C. Defendant's Misappropriation of Customer Funds

4. Rodriguez commenced doing business as The FIRM in or around March 2005. After The FIRM commenced business, Rodriguez opened two checking accounts at Wachovia Bank, N.A. Rodriguez was the only authorized signatory on these accounts.

5. Bank statements and checks, including checks from an account in the name of "Lazaro Rodriguez d/b/a The FIRM" and signed by Rodriguez, show that more than 400 persons invested a total of at least $1.5 million with The FIRM.

6. Most of the customer funds deposited in these accounts were misappropriated by Rodriguez to purchase luxury cars, jewelry, and other personal items.

### D. Rodriguez's Fraudulent Solicitations and Misrepresentations

7. From March 2005 and continuing until January 2006, Rodriguez d/b/a The FIRM, knowingly and willfully used material misrepresentations to solicit prospective customers to trade on-exchange commodity futures and options through: a website; advertisements in the Spanish newspaper *El Diario*; advertising spots on a Creole-language radio station; leaflets placed on car windshields; and personal solicitations.

8. Certain customers visited The FIRM's posh offices in Miami, where they met and talked to Rodriguez. During those visits, Rodriguez and his salespeople made material misrepresentations to customers. During those visits, customers were given packages containing The FIRM's brochures and other materials about commodity futures and options trading, and a client agreement.

9. Rodriguez knowingly and falsely guaranteed that the money customers paid The FIRM for trading commodity futures and options would make profits without any risks.

10. The FIRM website and solicitation brochures offered investors a series of choices. An "Intermediate Level of Investment" guaranteed that an investment of $500 would return $1,500 in 90 days (300%), that $1,000 would return $3,000, and that $5,000 would return $8,000. An "Executive Level of Investment" guaranteed that an investment of $10,000 would return $20,000 in nine months and that $50,000 would return $100,000. A "Liquid Level of Investment" promised that an investment of $100,000 would return $300,000 in 17 months, and that $900,000 would return $1.2 million. Defendant knew these representations were false.

11. The "Confidential Client Account Agreement" ("Client Agreement") that customers of The FIRM signed to open an account stated that the customer understood that "THE FIRM shall take full responsibility in all transactions for the Client who is GUARANTEED a certain amount of gains according to their Client Account Agreement." Defendant knew this representation was false.

12. Rodriguez knowingly misrepresented his background and experience to customers. Rodriguez told at least one customer of The FIRM that he had been a broker, had experience trading commodities at a firm in New York and he always made money. In fact, Rodriguez has no previous experience in trading commodity futures and options.

13. By these acts and practices, Rodriguez knowingly and willfully defrauded customers and misappropriated customer funds.

## II. CONCLUSIONS OF LAW

The Court hereby concludes as follows:

A. **Violation of Sections 4b(a)(2)(i) and (iii) of the Act**

5

14.     Beginning in or about March 2005 and continuing to January 2006, Rodriguez knowingly and willfully violated Section 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §6b(a)(2)(i) and (iii) (2002), by, among other things: (1) misappropriating customer funds for personal use and benefit; (2) fraudulently soliciting customer accounts using material misrepresentations that customers' funds would be used to trade commodity futures and options, and guaranteeing profits without risk; and (3) misrepresenting his background and experience in commodity futures and options trading.

**B.     Violations of Section 4c(b) of the Act and Regulations 33.10(a) and (c): Fraud in Connection with Commodity Option Transaction.**

15.     Beginning in or about March 2005 and continuing to January 2006, Rodriguez violated Section 4c(b) of the Act, 7 U.S.C. §6c(b) (2002), and Regulations 33.10(a) and (c), 17 C.F.R. §33.10 (2005), by cheating, defrauding or deceiving customers (or attempting to do so) by, among other things: (1) misappropriating customer funds for personal use and benefit; (2) fraudulently soliciting customer accounts using material misrepresentations that customers' funds would be used to trade commodity futures and options, and guaranteeing profits without risk, and (3) misrepresenting his background and experience in commodity options trading.

**C.     A Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief are Appropriate Remedies.**

16.     Permanent injunctive relief is warranted in light of the egregious nature of Defendants's knowing fraudulent solicitation of customers in a scheme to systematically defraud the public through the offer and sale of on-exchange commodity futures and options. These facts demonstrate a reasonable likelihood of future violations.

17.     Imposition of a civil monetary penalty is appropriate in this case because Defendant's violations of the Act were intentional and directly affected the numerous victims of this fraud.

## III. ORDER FOR RELIEF

A. **Permanent Injunction**

IT IS THEREFORE ORDERED THAT:

1. Defendant is permanently restrained, enjoined and prohibited from directly or indirectly:

    A. Engaging in conduct in violation of Sections 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) and (iii) (2002); and

    B.. Cheating or defrauding or attempting to cheat or defraud any other person, or deceiving or attempting to deceive any other person by any means whatsoever, in or in connection with any commodity options transaction in violation of Section 4c(b) of the Act, 7 U.S.C. §6c(b) (2002), and Regulations 33.10(a) and (c), 17 C.F.R. §§ 33.10(a) and (c) (2006).

2. Defendant is further permanently restrained, enjoined and prohibited from engaging directly or indirectly in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4), ("commodity interest"), including but not limited to the following:

    A. Trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

    B. Engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

    C. Soliciting, receiving, or accepting any funds from any person in connection with the purchase or sale of any commodity interest contract;

    D. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2004), or acting as a principal, agent or any other officer or employee of any person

      registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2004);

    E.     Entering into any commodity interest transactions for his own personal account, for any account in which he has a direct or indirect interest and/or having any commodity interests traded on his behalf; and/or

    F.     Engaging in any business activities related to commodity interest trading.

3.     Defendant is further permanently restrained, enjoined and prohibited from filing a petition in bankruptcy without providing the Commission with prompt notice by Certified Mail of such filing, as required by Part III.E of this Order.

4.     The injunctive provisions of this Order shall be binding upon Defendant, upon any person insofar as he or she is acting in the capacity of officer, agent, servant or employee of Defendant, and upon any person who receives actual notice of this Order, by personal service, email or facsimile, insofar as he or she is acting in active concert or participation with Defendant.

**B.   Civil Monetary Penalty**

**IT IS FURTHER ORDERED THAT:**

1.     Defendant shall pay a civil monetary penalty in the amount of $260,000, consisting of $130,000 for each violation of the Act as set forth in the complaint, plus post-judgment interest. Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

2.     Defendant shall pay this penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made by other than electronic funds transfer, Defendant shall make the payment payable to the U.S. Commodity Futures Trading Commission and send to the following address:

        U.S. Commodity Futures Trading Commission

>Division of Enforcement
>Attention: Marie Bateman – AMZ-300
>DOT/FAA/MMAC
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169
>Telephone: 405-954-6569

If the payment is to be made by electronic funds transfer, Defendant shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Defendant shall accompany the payment of the penalty with a cover letter that identifies Defendant and the name and docket number of this proceeding. Defendant shall simultaneously transmit copies of the cover letter and the form of payment to (a) the Director, Division of Enforcement, U.S. Commodity Futures Trading Commission, at Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, (b) Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address, and (c) Regional Counsel, U.S. Commodity Futures Trading Commission, Eastern Regional Office, at 140 Broadway, 19th Floor, New York, NY 10005.

3.   Any acceptance by the Commission of partial payment of Defendant's civil monetary penalty obligation shall not be deemed a waiver of Defendant's requirement to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

**C.   Restitution**

**IT IS FURTHER ORDERED THAT** Defendant's violations of the Act and Regulations merit the award of significant restitution. However, the Court recognizes that Defendant is already subject to a $2,000,000 criminal judgment restitution obligation entered in in the related criminal case, *United States v. Rodriguez*, for the misconduct at issue in this civil

action. Because the criminal court imposed restitution to Defendant's defrauded customers, additional restitution is not ordered in this matter.

D. **Notices**

**IT IS FURTHER ORDERED THAT** all notices required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

> Notice to Commission:   Regional Counsel
> U.S. Commodity Futures Trading Commission
> Division of Enforcement - Eastern Regional Office
> 140 Broadway, 19th Floor
> New York, New York 10005
> Phone: (646) 746-9700
> Fax: (646) 746-9740

All such notices to the Commission shall reference the name and docket number of this proceeding.

E. **Jurisdiction**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this case to assure compliance with this Order and for all other purposes related to this action.

**SO ORDERED**, this 14th day of December, 2007.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____